UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
DAOUD IBRAHEEM,

                Plaintiff,

    -against-

WACKENHUT SERVICES, INC,                    **MEMORANDUM & ORDER**
OFFICER CARBANARO, LT. CHAMBERLAIN,
SGT. MCLAUGHLIN, SGT. PAULINE,                 09-CV-5335 (SLT) (VVP)
LT. RENATO VELATI, JANET NAPOLITANO
(SECRETARY OF HOMELAND SECURITY),
UNITED STATES OF AMERICA,
FEDERAL PROTECTIVE SERVICE
F.P.O. GARY SANDROWSKY,
F.P.O. JOSE ALVAREZ,
F.P.O. VALENTINE, F.B.O. BOE

                Defendants.
-------------------------------------------------------------------x
**TOWNES, United States District Judge:**

      Plaintiff, Daoud Ibraheem, was formerly employed as security for 26 Federal Plaza. He initiated a cause of action against Wackenhut and several individual Wackenhut employees (collectively, "Wackenhut Defendants") as well as the Federal Protective Service ("F.P.S."), Janet Napolitano (as Secretary of Homeland Security), the United States, and several individual Federal Protective Officers (collectively, "Federal Defendants"). Plaintiff's Amended Complaint alleged five causes of action: wrongful termination under Title VII and New York Executive Law §296 against Wackenhut Services Inc., Janet Napolitano, and the United States, and intentional infliction of emotional distress, negligent infliction of emotional distress, defamation, and breach of contract against all of the defendants. The defendants filed a motion to dismiss, or in the alternative, for summary judgment. The Court declines to convert the instant motions to

motions for summary judgment. For the reasons stated below, the motions to dismiss are denied in part and granted in part.

I.     BACKGROUND

On December 7, 2009, the plaintiff filed the instant action with the Court. Plaintiff alleges he was an employee of both Wackenhut and the Federal Protective Service. (Amended Compl. at ¶ 8.) When the plaintiff filed the initial complaint, he had not yet obtained a right to sue letter from the Equal Employment Opportunity Commission ("EEOC") against Wackenhut. According to the Federal Defendants, he had also failed to contact a counselor at the agency's Equal Employment Office. (Federal Opening Mem. at 12.) The plaintiff filed a charge of discrimination with the EEOC on January 27, 2010, and attached his previously filed complaint to explain the particulars of his allegations. A copy of this form is attached to the plaintiff's "Affirmation in Opposition to Federal Defendant's Motion to Dismiss" ("Affirmation"). On February 23, 2010, the EEOC issued a notice of right to sue (on request) under Title VII, stating that less than 180 days had passed since the filing of the charge, but the EEOC was unlikely to be able to complete the administrative processing within 180 days. A copy of the right to sue letter is also attached to the plaintiff's Affirmation. The plaintiff filed an Amended Complaint on April 12, 2010, adding that he had exhausted his administrative remedies and obtained a right to sue letter from the EEOC. (Amended Complaint at ¶ 38.) This paragraph was not included in the initial complaint.

When the Wackenhut Defendants filed their request for a pretrial conference based on the initial complaint, they declared they were going to move to dismiss the Title VII claims on the grounds that the plaintiff had not exhausted his administrative remedies. (D.I. 3) When the

2

plaintiff amended his complaint, however, the defendants submitted new pre-trial conference requests. The Wackenhut Defendants conveyed that they no longer wished to move to dismiss the Title VII claims in light of the changes to the amended complaint. (D.I. 13) However, after receiving the actual EEOC charge and right to sue letter attached to the plaintiff's Affirmation, the Wackenhut Defendants reversed their position. In their Reply, the Wackenhut Defendants assert that "[i]n his Opposition to the Federal Defendants' dispositive motion Ibraheem reveals, for the first time, that…he filed his EEOC charge on January 27, 2010, after he filed his initial Complaint…." (Wackenhut Reply at 3.) The Wackenhut Defendants now argue that, when the amended complaint was filed, they were not aware that the plaintiff was referring to a right to sue letter that had been issued in February of 2010. Their new primary argument, presented in their Reply in Support of their Motion to Dismiss, challenges the Title VII claim.

## II.     DISCUSSION

*Standard of Review*

In considering a motion to dismiss pursuant to Rule 12(b)(6), a court must accept all factual allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. If a party has not "nudged [his] claims across the line from conceivable to plausible, the complaint must be dismissed." Id. at 570.

3

*Federal Defendants' Motion to Dismiss*

In the Plaintiff's submission entitled "Affirmation in Opposition to Federal Defendant's Motion to Dismiss," the plaintiff withdraws his Title VII claim against the United States, leaving the Title VII claim only as to Wackenhut Services and Janet Napolitano. They further withdraw all state law claims against the Federal Defendants.[1] The only cause of action that remains against all defendants is the Wrongful Termination action under New York Executive Law §296. However, Title VII is the "exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination." Brown v. General Service Admin, 425 U.S. 820, 828-29 (1976); Briones v. Runyon, 101 F.3d 287, 289 (2d Cir. 1996) ("Title VII is the exclusive remedy for discrimination by the federal government on the basis of race, religion, sex, or national origin); Marshall-Screen v. Internal Revenue Serv., 2002 WL 264999, at *2 (E.D.N.Y. Fed. 26, 2002) (citing cases).[2] Accordingly, the claims against the Federal Defendants based on New York Executive Law §296 are dismissed.

The Federal Defendants include further arguments which are only appropriate in a motion for summary judgment. As the Second Circuit has held:

> When determining the sufficiency of plaintiff's claim for Rule 12(b)(6) purposes, consideration is limited to the factual allegations in plaintiff's [pleading] . . ., to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiff's possession or of which plaintiffs had knowledge and relied on in bringing suit.

---

[1] It is unclear whether the plaintiff intended for the breach of contract claim to remain against the Federal Defendants. The Court takes the position that the breach of contract claim was withdrawn against the Federal Defendants because the plaintiff's "Affirmation in Opposition to Federal Defendant's Motion to Dismiss" seemed to withdraw all the state law claims, as none were addressed.

[2] The Plaintiff has not alleged any causes of action under the ADEA.

4

*Brass v. Am. Film Technologies, Inc.*, 987 F.2d 142, 150 (2d Cir. 1993) (citing *Cortec*, 949 F.2d at 47-48).  The Court declines to convert this motion into a Motion for Summary Judgment under F.R.C.P. 56.  The issue of whether the plaintiff was or was not a federal employee is a question of fact not appropriate for a motion to dismiss.  The plaintiff has pled that he was an employee of F.P.S. ("Plaintiff…was hired by defendants Wackenhut Services and Federal Protective Services" (Amended Compl. at ¶ 8)) and the Court must accept all factual allegations in the complaint as true, drawing reasonable inferences in the plaintiff's favor.  The Federal Defendants make further arguments regarding whether the plaintiff, if indeed a federal employee, failed to exhaust administrative remedies particular to federal employees.  This is an argument that, again, should be raised at the summary judgment stage, as it does not allege insufficiency of the plaintiff's pleadings.

       *Wackenhut Defendants' Motion to Dismiss*

In their Reply in Support of their Motion to Dismiss, the Wackenhut Defendants raise arguments regarding the plaintiff's Title VII claims.  These arguments are absent from their initial memorandum of law in support of their motion to dismiss and must be raised in a motion for summary judgment and fully briefed before the Court can fairly rule on them.  As there are issues as to whether the Title VII claims have merit, the Court declines to address any arguments regarding the state law claims at this time.  The defendants can raise these arguments again in their motion for summary judgment.

### III. CONCLUSION

For the reasons stated above, claims against Janet Napolitano, the United States, the Federal Protective Service and the individual Federal Protective Officers ("Federal Defendants") predicated on New York Executive Law § 296 are hereby dismissed. The remaining motions to dismiss filed by Wackenhut Services, Inc., individual Wackenhut employees, and the Federal Defendants are hereby denied.

**SO ORDERED.**

                                                                                               _____S/_____
                                                                                                SANDRA L. TOWNES
                                                                                                United States District Judge

Dated: September 29, 2011
       Brooklyn, New York