UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DAOUD IBRAHEEM,

                Plaintiff,

— against —

WACKENHUT SERVICES, INC. et al.,

                Defendant.
----------------------------------------------------------X

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E
★ MAR 20 2012
BROOKLYN OFFICE

**MEMORANDUM & ORDER**

09-CV-5335 (SLT) (VVP)

**TOWNES, United States District Judge:**

The Federal Defendants' motion for summary judgment is currently before the Court, brought on behalf of the only remaining Federal Defendant, Janet Napolitano. For the reasons stated below, Defendant Napolitano's motion is granted.

I.    **BACKGROUND**

The plaintiff in this action is a single individual, Daoud Ibraheem ("Plaintiff"), who was formerly employed as security for 26 Federal Plaza. (Amended Compl. at ¶ 8.) He is an African-American male of approximately 72 years of age and a practicing Muslim. (*Id.* at 7, 37.) Plaintiff alleges that he was hired by both Wackenhut Services ("Wackenhut") and Federal Protective Services ("FPS") as a security officer. (*Id.* at ¶ 8.) He has initiated a cause of action against Wackenhut Services, Inc. and several individual Wackenhut employees (collectively, "Wackenhut Defendants"). The action was also brought against the Federal Protective Service, Janet Napolitano (as the Secretary of Homeland Security), the United States, and several individual Federal Protective Officers (collectively, "Federal Defendants"). There is currently only one claim remaining against the Federal Defendants – a Title VII claim against Janet

Napolitano ("Napolitano Defendant" or "Napolitano"). All other claims against the Federal Defendants were either voluntarily withdrawn or dismissed at the motion to dismiss stage.[1]

Both groups of Defendants initially filed motions to dismiss, or in the alternative, for summary judgment. [D.E. 24, 29.] The Court declined to convert these motions into motions for summary judgment and, therefore, did not consider summary judgment arguments at that time. However, at a status conference held on November 3, 2011, the Court granted the Napolitano Defendant leave to file a motion for summary judgment and determined that the previously undecided arguments could be appropriately raised therein. Plaintiff's counsel did not appear at the conference. However, Plaintiff cannot deny knowledge of what happened at that conference, because the minute entry for the November 3, 2011 proceeding clearly states that a briefing schedule was set for the summary judgment motion. The Napolitano Defendant filed the fully briefed motion for summary judgment on February 13, 2012, and on February 14, 2012, the Court scheduled an oral argument on the motion for summary judgment, which was held on March 1, 2012.

---

[1] The amended complaint included five counts: Wrongful Termination under Title VII and the New York Executive Law § 296, Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, Defamation, and Breach of Contract. The Wrongful Termination claim under Title VII was brought against Wackenhut Services Inc., Janet Napolitano, and the United States. (*See* Amended Complaint.) The Wrongful Termination claim under the New York Executive Law § 296 and the state law claims were brought against all Defendants. (*Id.*) In Plaintiff's submission entitled "Affirmation in Opposition to Federal Defendant's Motion to Dismiss," ("Opp. Aff.") [D.E. 25] Plaintiff withdrew his Title VII claim against the United States, leaving the Title VII claim only as to Wackenhut Services and Janet Napolitano. (Opp. Aff. at 5.) Plaintiff further withdrew all state law claims against the Federal Defendants. (*Id.*) The only causes of action that remained against the Federal Defendants when deciding the motions to dismiss were Wrongful Termination under Title VII and Wrongful Termination under New York Executive Law §296. However, because Title VII is the "exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination" the claims against the Federal Defendants based on New York Executive Law §296 were dismissed. *Brown v. General Service Admin*, 425 U.S. 820, 828-29 (1976); *Briones v. Runyon*, 101 F.3d 287, 289 (2d Cir. 1996) ("Title VII is the exclusive remedy for discrimination by the federal government on the basis of race, religion, sex, or national origin").

## II. DISCUSSION

### A. Standard of Review

Summary judgment should be granted "where the moving party demonstrates that there are no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law." *Burt Rigid Box, Inc. v. Travelers Property Cas. Corp.*, 302 F.3d 83, 90 (2d Cir. 2002) (citing Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). In deciding a summary judgment motion, the Court must construe the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. *Niagara Mohawk Power Corp. v. Jones Chemical Inc.*, 315 F.3d 171, 175 (2d Cir. 2003) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. If the party moving for summary judgment demonstrates that there are no genuine issues of material fact, "the nonmoving party, must, to defeat summary judgment, come forward with evidence that would be sufficient to support a jury verdict in its favor." *Burt Rigid Box*, 302 F.3d at 91 (citing *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995)). The nonmoving party cannot simply rest upon "conclusory statements or on contentions that the affidavits supporting the motion are not credible." *Id.*

When deciding a summary judgment motion, a trial judge is not required to make factual findings. *Anderson*, 477 U.S. at 250. Rather, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.*

3

B. Analysis

Plaintiff does not dispute that he did not exhaust the administrative remedies required of federal employees alleging discrimination. *Compare* Secretary Napolitano's Statement of Undisputed Facts ("Def. 56.1 Stmnt.") ¶ 1-8, *with* Plaintiff's Local Rule 56.1 Statement of Undisputed Facts ("Pl. 56.1 Stmnt.") ("Plaintiff does not dispute #1-8 of Defendant's Local Rule 56.1 Statement"); *see Mathirampuzha v. Potter*, 548 F.3d 70, 75 (2d Cir. 2008) ("This court has treated the requirement that a federal employee bring a complaint to his or her EEO for resolution, *see* 29 C.F.R. § 1614.105, as analogous to the requirement that a private sector employee first bring a complaint to the attention of the EEOC for resolution") (internal quotation marks omitted). However, Plaintiff argues that the time to exhaust his administrative remedies should be equitably tolled because 1) the defendants have "unclean hands" and did not provide the Plaintiff notice of the EEO procedures as required by law; 2) the Federal Defendants raised the "exact same arguments" in the motion to dismiss, which, Plaintiff argues, this court denied on the merits, leading Plaintiff to believe that he had done all he needed to do to properly sue the Federal Defendants; and 3) an EEOC officer said that Plaintiff had done all he needed to do and the EEOC right to sue letter should "bind" this court because the Federal Defendants did not appeal the right to sue determination. (*See* Plaintiff's Memorandum of Law in Opposition to Federal Government's Motion for Summary Judgment ("Pl. Opp.").)

Napolitano maintains that Plaintiff was never a Federal employee (and thus does not have the right to sue the federal government) but focuses her arguments and affidavits on the grounds that, assuming Plaintiff ever was a Federal Employee, he did not exhaust his administrative remedies. (*See* Reply Memorandum of Law in Support of Secretary Napolitano's Motion for Summary Judgment ("Def. Reply") at 3, fn. 2.)

Napolitano submits an affidavit from John W. Natale who is employed by the Department of Homeland Security as Chief of Staff. (Declaration of John W. Natale ("Natale Decl.").) The affidavit and its attached materials support Napolitano's contention that EEO procedures were posted and that, since 2003, all FPS employees are required to participate in *annual* EEO training.[2] ("Natale Decl.") at ¶¶ 2-5. Additionally, according to the affidavit, no new hires would be allowed to begin duty at FPS without first attending a mandatory, introductory EEO training. *Id.* at ¶¶ 4-5. However, Plaintiff submits an affidavit alleging that "there was never a single written policy, manual or notice disseminated, made available or published about the complaint procedures through the EEO, the identity of the EEO counselor or the time limit for filing EEO complaints." Affidavit of Daoud Ibraheem ("Ibraheem Aff.") at ¶ 3. In support of this assertion, Plaintiff claims that he "never s[aw] a single [EEO] posting, notice, or writing...." *Id.* All the Plaintiff provides are the bare allegations contained in this affidavit. What Plaintiff is effectively saying is that *he* never saw anything posted. The allegation that he never noticed the posting does not counteract evidence that they were posted. Plaintiff's statement that there were no written policies are bald assertions, and do not defeat a motion for summary judgment.

However, even if the materials were not initially available, Plaintiff still could not succeed. If the Court interpreted all inferences regarding EEO postings very generously in favor of Plaintiff, as the non-moving party, Plaintiff still had many other opportunities to appropriately exhaust his administrative remedies since filing this suit on December 7, 2009. Plaintiff must meet certain requirements for equitable tolling to apply:

> "Tolling of the time limit is granted when 'rare and exceptional circumstance[s]' prevented a plaintiff from filing on time." *Williams v. Potter*, No. 06-CV-8258,

---

[2] If, as Plaintiff contends, he was a Federal employee, he would have been *required*, since 2003, to attend a dedicated EEO training.

5

> 2007 WL 2375818, at *5 (S.D.N.Y. Aug. 14, 2007) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)). When determining whether equitable tolling is applicable, a district court must consider "whether the person seeking application of the equitable tolling doctrine (1) has 'acted with reasonable diligence during the time period she seeks to have tolled,' and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." *Zerilli-Edelglass v. N.Y. City Transit Auth.*, 333 F.3d 74, 80-81 (2d Cir. 2003) (quoting *Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506, 512 (2d Cir. 2002).

*Hall v. Potter*, No. 06-CV-5003, 2009 WL 577753, at *6 (E.D.N.Y. March 4, 2009) (internal citations omitted). Here, Plaintiff's conduct does not constitute reasonable diligence, and the Court does not find extraordinary circumstances.

First, retaining an attorney gave Plaintiff constructive notice of the requirements of filing a Title VII suit against the federal government. The record reflects that Plaintiff retained his attorney before the action was officially filed. The complaint [D.E. 1] was signed by Ms. Tamara Harris on November 7, 2009 – a full month before the action was commenced in this Court. Therefore, Plaintiff has not been *pro se* at any point in this case. Further, the record indicates that Plaintiff continued to work in his position until April of 2010, months after he retained a lawyer. (Amended Compl. at ¶ 37.) Plaintiff's lawyer is expected, as a licensed attorney, to have knowledge of the law regarding the cases in which she appears. A lawyer's failure when representing a client "may well be malpractice," "[b]ut, the Supreme Court has held that 'Clients may be held accountable for the acts *and omissions* of their attorneys.'" *Gone v. Wackenhut Services*, No. 10-CV-2495, 2011 WL 2610550, at *3 (S.D.N.Y. June 17, 2011) (citing *Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 381 (1993) (emphasis added)). As the Second Circuit has stated:

> There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on his client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this

freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.

*Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 667 (2d Cir. 1980) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 633-34 (1962)) (internal quotation marks omitted); *Gone*, 2011 WL 2610550, at *3.

Further, the Federal Defendants' initial motion to dismiss, served July 1, 2010, gave Plaintiff actual notice because the EEO requirements were specifically detailed in that motion. [D.E. 24.] The requirements were articulated again in the Federal Defendants' instant motion papers which were served on Plaintiff on December 15, 2011. (Memorandum of Law in Support of Secretary Napolitano's Motion for Summary Judgment at 4-10.)

Plaintiff's argument that he should not be required "to go on a wild goose chase" to determine the appropriate administrative steps rings hollow given these details. (Pl. Opp. at 3.) Despite repeated opportunities, Plaintiff has failed to take any steps to exhaust his administrative remedies. Even if the statutory time limits were temporarily tolled, they cannot be waived in their entirety. Plaintiff argues, as an excuse, that this Court, by its September 30, 2011 Memorandum and Order ("M&O") deciding the motions to dismiss, "[led] plaintiff to believe that he had done all that was required." (Pl. Opp. at 7.) This Court did no such thing. Plaintiff asserts that "this Court already rejected the argument that plaintiff failed to exhaust administrative remedies when it denied defendant's motion to dismiss...." (*Id.*) The Court's M&O, which Plaintiff attaches as an exhibit to his opposition, clearly states that the Federal Defendants made "arguments which are only appropriate in a motion for summary judgment" and "[t]he Court decline[d] to convert [the] motion [to dismiss] into a motion for summary judgment under F.R.C.P. 56." (M&O at 4-5.) Regarding the specific arguments about Plaintiff's

7

failure to exhaust administrative remedies, this Court noted that that argument "should be raised at the summary judgment stage...." (*Id.* at 5.) As noted above, this Court set a briefing schedule on this issue at the status conference held on November 3, 2011. The issue is now being "raised at the summary judgment stage."

Plaintiff also argues that the EEOC employee who issued his right to sue letter told him that he had done "all that was required to commence a lawsuit against the federal government in District Court." (Pl. Opp. at 6; *see* Ibraheem Aff. ¶ 6.) Beyond this assertion, there is no evidence in the record supporting the argument that the right to sue letter was issued with the instruction that Plaintiff had done "all that was required" to sue the federal government. In fact, the EEOC right to sue letter appears only to have been issued to the Wackenhut Defendants and does not have the federal government nor any agency noted or listed. (*See* Exs. C, D Attach. to Pl. Opp.) The right to sue letter nullifies Plaintiff's further argument that this Court should be bound, as to the Federal Defendants, by an EEOC right to sue determination issued only as to the Wackenhut Defendants.

### III. CONCLUSION

For the foregoing reasons, Defendant Napolitano's motion for summary judgment is granted. As such, there are no remaining Federal Defendants in this action.

**SO ORDERED.**

/s/ SANDRA L. TOWNES
United States District Judge

Dated: March  /4 , 2012
       Brooklyn, New York